**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BRENDA PINEDA** and | ) |
| | ) |
| **BRENDA PINEDA on behalf of KIARA AMYXX as Parent and Legal Guardian,** | ) Civil Action No.: _____ |
| | ) |
| Plaintiffs, | ) **COMPLAINT** |
| | ) |
| v. | ) **JURY DEMANDED** |
| | ) |
| **THE PIT COLUMBUS, LLC**, and | ) |
| | ) |
| **D'ANDRE MARTIN,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, **BRENDA PINEDA** ("Plaintiff PINEDA") and **BRENDA PINEDA** on behalf of her minor daughter **KIARA AMYX** ("Plaintiff AMYX") (hereinafter collectively referred to as "Plaintiffs") hereby file this Complaint against Defendants, **THE PIT COLUMBUS, LLC** ("Defendant PIT") and **D'ANDRE MARTIN** ("Defendant MARTIN") (hereinafter collectively referred to as "Defendants") for violations of federal and Ohio wage and hour laws, including Defendants' failure to pay Plaintiffs minimum wages for all hours worked, Defendants' failure to pay Plaintiff PINEDA overtime compensation in workweeks in which more than 40 hours were worked, Defendants' failure to keep accurate records and Defendants violation of Ohio's child labor laws by requiring Plaintiff AMYX to work more than five consecutive hours without a rest period of at least 30 minutes. The following allegations are based upon information and belief, or personal knowledge as to Plaintiffs' own conduct and the conduct and acts of others.

## I.    PRELIMINARY STATEMENT

1.    Plaintiffs bring this action to recover monetary damages, liquidated damages and costs, including reasonable attorneys' fees as a result of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"). This action is commenced under the FLSA in connection with Defendants' violation of their statutory obligations to pay Plaintiffs minimum wages for all hours worked, and Defendants' statutory obligations to pay Plaintiff PINEDA overtime compensation at a rate of time and a half (1.5) of her regular rate of pay for work in excess of forty (40) hours per work week pursuant to 29 U.S.C. § 207(a).

2.    Plaintiffs bring this action for appropriate relief pursuant to the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code ("O.R.C.") §§ 4111 *et seq.*, ("the Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), O.R.C. § 4109.07 and the Ohio Constitution, Oh. Const. Art. II § 34a. As employees of Defendants, Plaintiffs were paid below the minimum wage required by the State of Ohio. Further, Plaintiff PINEDA worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but she was not paid overtime wages for this time spent working.

## II.    JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the FLSA, a federal statute.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

5.    This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. §1367, as to claims under the Ohio Wage Acts, the Ohio Constitution and O.R.C. § 4109.07.

### III.   THE PARTIES

6.     During relevant times, Plaintiffs have been individuals residing in Franklin County and were jointly employed by Defendants.

7.     During relevant times, Defendant PIT has been a for-profit domestic limited liability corporation registered with the State of Ohio. It is located at 3545 Cleveland Ave. Columbus, OH 43224 (Franklin County), and can be served through its Statutory Agent D'Andre Martin at 5173 Devontry Lane, Columbus, OH 43220. Defendant PIT is also known as The Pit BBQ Grille.

8.     During relevant times, the Defendant MARTIN has been part own, manager and operator of PIT. Defendant MARTIN may be served at his residence of 5173 Devontry Lane, Columbus, OH 43220 (Franklin County) or at his place of business of 3545 Cleveland Ave. Columbus, OH 43224 (Franklin County).

9.     Defendants are actively doing business, jointly and individually, in this judicial district.

### IV.   FACTUAL ALLEGATIONS

10.     Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

**A. Defendants**

11.     Defendants are jointly engaged in operating a restaurant named The Pit BBQ Grille (the "Restaurant") located at 3545 Cleveland Ave. Columbus, OH 43224 (Franklin County).

12. During relevant times, Defendants, jointly and individually, have been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. § 203(s)(1).

13. During relevant times, Defendants have been joint employers of Plaintiffs within the meaning of 29 U.S.C. § 203(d).

14. Defendants, jointly and individually, operate and control an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

15. During relevant times, Defendant MARTIN has been part owner of Defendant PIT, along with co-owners and non-parties Chimdi Chekwa, Bryant Browning and Mike Johnson.

16. During relevant times, Defendant MARTIN had operational control over significant aspects of the day-to-day functions of the Restaurant.

17. During relevant times, Defendant MARTIN had the authority to hire, fire and discipline employees, including Plaintiffs.

18. During relevant times, Defendant MARTIN had the authority to authority to set rates and methods of compensation, including that of Plaintiffs.

19. During relevant times, Defendant MARTIN had the authority to control the work schedules, including those of Plaintiffs.

20. During relevant times, Defendant MARTIN had the authority to control the employment conditions, including those of Plaintiffs.

21. During relevant times, Defendant MARTIN had authority and responsibility to direct the activities of the employees, including those of Plaintiffs.

22. During relevant times, Defendant MARTIN was ultimately responsible for the maintenance of employment records, including records concerning Plaintiffs.

23. During relevant times, Defendants jointly hired Plaintiffs, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

24. During relevant times, Defendants jointly maintained control, oversight, and direction over Plaintiffs, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

25. During relevant times, Defendants mutually benefitted from the work performed by Plaintiffs.

26. During relevant times, Defendants did not act entirely independently of each other and were not been completely disassociated with respect to the work of Plaintiffs.

27. During relevant times, Defendants shared the services of Plaintiffs.

28. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs.

29. Defendants are required by the FLSA, the Ohio Wage Act and the Ohio Constitution to keep records of the hours worked by Plaintiffs, but Defendants did not keep all such records.

30.     For example, during relevant times, Defendants jointly required Plaintiffs to utilize a cash-register punch-in and punch-out system, with printable ticket, to record some, but not all hours worked by Plaintiffs. Defendants jointly required both Plaintiffs to perform compensable work while not clocked in, resulting in unpaid off-the-clock worked.

31.     During relevant times, Defendants expressed to Plaintiffs that they were prohibited from clocking in when performing some compensable work because the Restaurant could not go over budget.

32.     From approximately November 27, 2016 to approximately February 11, 2017 Defendants paid Plaintiffs as 1099'd independent contractors, but later changed their payment practices and started paying Plaintiffs as employees and issuing a W-2 for 2016.

33.     During relevant times, Defendants jointly failed to pay Plaintiffs the federal and Ohio minimum wage for all hours worked during a workweek, as described herein.

34.     During relevant times, Defendants jointly deprived Plaintiff PINEDA of compensation for hours worked in excess of 40 in workweeks, as described herein.

35.     Defendants' wrongful acts and/or omissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor, Ohio Department of Commerce or any administrative practice or enforcement policy of such departments.

**B. Plaintiff PINEDA**

36.     During relevant times, Plaintiff PINEDA was jointly employed by Defendants as an hourly and non-exempt employee from approximately August 2016 through approximately February 26, 2017.

37.    Plaintiff's PINEDA was not paid salary, her primary duty was not management, and her primary duties did not include the exercise of judgment or discretion as to matters of significance concerning the business operations of Defendants or Defendants' customers.

38.    Plaintiff PINEDA's primary duties included serving, busing, cleaning, running the cash register, cooking and other restaurant related non-exempt work.

39.    During relevant times, Defendants required Plaintiff PINEDA to regularly work while not clocked in, either at the beginning and/or at the end of her shift, resulting in an estimated average of approximately 12.25 unpaid off-the-clock hours in a work week.

40.    During relevant times, the federal minimum wage was $7.25 per hour.

41.    The Ohio minimum wage was $8.10 per hour in 2016 and $8.15 in 2017.

42.    During relevant times, Plaintiff PINEDA's regular rate was $9 or $10 per hour.

43.    During relevant times, Defendants' conduct resulted in their failure to pay Plaintiff PINEDA for all hours worked at the applicable federal or Ohio minimum wages in a workweek, and failure to pay Plaintiff PINEDA overtime compensation of a rate of not less than one and one half her regular rate for hours worked over 40 in a workweek.

44.    For example, during the first one to two weeks of employment, which was also the period of time the Restaurant was getting ready for its grand opening, Plaintiff PINEDA worked approximately 50 hours per workweek, but was paid by Defendants no more than her hourly rate for all hours, including those worked in excess of 40 in the same workweek.

45.    For example, during the workweek of September 11, 2016 through September 18, 2016:

      a. Plaintiff PINEDA worked approximately 34 clocked hours, plus approximately 12.25 off-the-clock hours, resulting in slightly more than approximately 46 total hours worked that workweek.

      b. Defendants' paid Plaintiff PINEDA for only approximately 34 hours clocked hours, resulting in a minimum wage violation at the federal rate of $7.25 per hour and Ohio rate of $8.10 per hour.

      c. Defendants also did not pay Plaintiff PINEDA for approximately six hours of overtime for the same workweek.

46. For the last pay period of February 12, 2017 to February 27, 2017 Defendants recorded 58.87 hours worked and $488.70 wages earned by Plaintiff PINEDA, with $1,615.95 of "Retro Pay," but also deducted $1,615.95 as an "Advance." *See attached* **Exhibit A**. While the amount of pay would therefore, based on the foregoing, be expected to be $588.70, it was actually no more than a little over $200 paid by Defendants to Plaintiff PINEDA. *Id*. At 58.87 hours, a payment of $200 results in an hourly rate of approximately $3.40 per hour.

47. Plaintiffs reserve the right to amend or add to the forgoing estimates and examples, because the exact total of unpaid hours, including minimum wage and overtime compensation is largely unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

## C. Plaintiff AMYX

48. During relevant times, Plaintiff AMYX was a minor under the age of 18 as defined by O.R.C. § 4109.01(D).

49. During relevant times, Plaintiff PINEDA was the parent and guardian of Plaintiff AMYX with the right to pursue legal remedies on Plaintiff AMYX's behalf.

50.     Plaintiff AMYX was jointly employed by Defendants as an hourly and non-exempt employee from approximately August 2016 through approximately February 26, 2017.

51.     Plaintiff's AMYX was not paid salary, her primary duty was not management, and her primary duties did not include the exercise of judgment or discretion as to matters of significance concerning the business operations of Defendants or Defendants' customers.

52.     Plaintiff AMYX's primary duties included serving, busing, cleaning, running the cash register, cooking and other restaurant related non-exempt work.

53.     During relevant times, Plaintiff AMYX regularly arrived to work at the Restaurant with Plaintiff PINEDA, but was not permitted to clock in until some time after arrival. Nevertheless, Defendants required Plaintiff AMYX to perform compensable worked while not clocked in, resulting in approximately two to more than seven hours of unpaid off-the-clock work in a work week.

54.     During relevant times, the federal minimum wage was $7.25 per hour.

55.     The Ohio minimum wage was $8.10 per hour in 2016 and $8.15 in 2017.

56.     During relevant times, Plaintiff AMYX's regular rate was typically $8.10 per hour.[1]

57.     During relevant times, Defendants' conduct resulted in their failure to pay Plaintiff AMYX for all hours worked in a workweek at the applicable federal or Ohio minimum wages.

58.     For example:

    a.  from October 16 to 22, 2016, Plaintiff AMYX worked approximately 4.30 unpaid off-the-clock hours;

---

[1] There was one pay period in which Plaintiff's AMY's regular rate was approximately $9.00 per hour.

b.  from December 11, 2016 to 17, 2016, Plaintiff AMYX worked approximately 7.80 unpaid off-the-clock hours; and

c.  from December 18 to 24, 2016, Plaintiff AMYX worked approximately 6.52 unpaid off-the-clock hours.

59.  For the last pay period of February 12, 2017 to February 27, 2017 Defendants recorded 51.83 hours worked and $422.41 wages earned by Plaintiff AMYX, with $1,449.47 of "Retro Pay," but also deducted $1,449.47 as an "Advance." *See attached* **Exhibit B**. While the amount of pay would therefore, based on the foregoing, be expected to be $422.41, it was actually zero dollars paid by Defendants to Plaintiff AMYX. *Id.*

60.  Plaintiff AMYX was denied tips that appeared on credit card transactions, being told conflicting stories that the tips would be distributed to Plaintiff AMYX but then later being told that the tips cannot be distributed when paid by credit card. Therefore, upon information and belief, Plaintiff AMYX received zero dollars in tips from credit card transactions.

61.  Plaintiff AMYX received approximately no more than $3 to $7 in cash tips per workweek.

62.  Defendants violated 29 U.S.C. § 203(m) of the FLSA, which only allows employers to pay less than minimum wage to employees who receive tips under very specific conditions. First and foremost, an employer may only make use of a tip credit for hours of employment only for the time an employee is engaged in performing tipped duties. *See* 29 C.F.R. § 531.59(b). Employers may take a "tip credit," which allows employers to include in their calculation of "wages" the amount that an employee receives in tips. *Id.* Defendants were not entitled to apply a tip credit toward the Plaintiffs' minimum wages, as Defendants failed to satisfy at least one of the required conditions to do so: tipped employees must retain all the tips

they receive, except those tips included in a tipping pool among employees who customarily and regularly receive tips. *Id*. Plaintiffs estimate that Defendants withheld all credit card tips from Plaintiff AMYX and she received no more than $3 to $7 a workweek in cash tips, resulting in a minimum wage violation even if the tip-credit was permissible.

63.     Plaintiffs reserve the right to amend or add to the forgoing estimates and examples, because the exact total of unpaid hours, including minimum wage compensation is largely unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

## V.     CLAIM FOR RELIEF

### COUNT I
### (Minimum Wage Violations of the FLSA)

64.     Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

65.     During relevant times, Defendants jointly employed Plaintiffs.

66.     During relevant times, Plaintiffs were required by Defendants to work, and regularly did work, unrecorded and unpaid, off-the-clock hours in workweeks.

67.     During relevant times, Defendants have been employers covered by the minimum wage requirements set forth in the FLSA.

68.     During relevant times, Plaintiffs were employees covered by the minimum wage protections set forth in the FLSA.

69.     During relevant times, Plaintiffs were not exempt from receiving FLSA minimum wage benefits because, *inter alia*, they were not "executive," "computer," "administrative," "professional" or "computer" employees, as those terms are defined under the FLSA.  *See* 29 C.F.R. §§ 541.0, *et seq.*

70. During relevant times, Plaintiffs were not exempt under any other exemptions.

71. During relevant times, Defendants jointly failed to pay Plaintiffs minimum wages for all hours worked in a workweek, in violation of the FLSA.

72. Defendants' policy and practice, described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

73. Plaintiffs have been harmed and continue to be harmed by Defendants acts or omissions described herein.

74. As a result of the foregoing, Plaintiffs were illegally denied minimum wage compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

75. The exact total amount of minimum wage compensation that Defendants failed to pay Plaintiffs is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

## COUNT II
### (Overtime Violations of the FLSA)

76. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

77. During relevant times, Defendants jointly employed Plaintiff PINEDA.

78. During relevant times, Plaintiff PINEDA was required by Defendants to work, and regularly did work, unrecorded and unpaid, off-the-clock hours in workweeks.

79. During relevant times, Plaintiff PINEDA was required by Defendants to work more than 40 hours in a workweek.

80.     During relevant times, Defendants have been joint employers covered by the overtime requirements set forth in the FLSA.

81.     During relevant times, Defendants have been employers covered by the overtime requirements set forth in the FLSA.

82.     During relevant times, Plaintiff PINEDA was an employee covered by the overtime protections set forth in the FLSA.

83.     During relevant times, Plaintiff PINEDA was not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "executive," "computer," "administrative," "professional" or "computer" employees, as those terms are defined under the FLSA.  *See* 29 C.F.R. §§ 541.0, *et seq*.

84.     During relevant times, Plaintiff PINEDA was not exempt under any other exemptions.

85.     During relevant times, Defendant failed to pay Plaintiff PINEDA overtime compensation at time and a half (1.5) of her regular rate of pay for hours worked in excess of 40 in a workweek, in violation of the FLSA.

86.     Defendants' policy and practice, described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

87.     Plaintiff PINEDA has been harmed and continue to be harmed by Defendants' acts or omissions described herein.

88.     As a result of the foregoing, Plaintiff PINEDA was illegally denied overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

89.     The exact total amount of overtime compensation that Defendants failed to pay Plaintiff PINEDA is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

<u>COUNT III</u>
**(Minimum Wage Violations of the Ohio Wage Act and the Ohio Constitution)**

90.     Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

91.     The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111 *et seq.*

92.     During relevant times, Plaintiffs were covered employees entitled to protections of the Ohio Wage Act and the Ohio Constitution Art. II, § 34.

93.     During relevant times, Defendants were entities covered by the Ohio Constitution Art. II, § 34; and Plaintiffs were employed by Defendants within the meaning of the Ohio Constitution Art. II, § 34.

94.     During relevant times, Defendants were covered employers required to comply with the Ohio Wage Act's and the Ohio Constitution's mandates.

95.     During relevant times, Plaintiffs were not exempt from receiving the Ohio minimum wage because, *inter alia*, they were not "executive," "administrative," "professional," "outside sales" or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq.*

96.     During relevant times, Plaintiffs were not exempt under any other exemption.

97.     During relevant times, Plaintiffs were jointly employed by Defendants.

98.     During relevant times, Plaintiffs were required by Defendants to work, and regularly did work, unrecorded and unpaid, off-the-clock hours in a workweek.

99.     During relevant times, Defendants failed to pay Plaintiffs at least the Ohio minimum wage per hour for all hours worked in a workweek, in violation of Ohio law.

100.    Defendants' policy and practice, described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

101.    Plaintiffs have been harmed and continue to be harmed by Defendants' acts or omissions described herein.

102.    As a result of the foregoing, Plaintiffs were illegally denied the Ohio minimum wage, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, plus and additional two-times the unpaid wages, costs, reasonable attorney's fees and other compensation pursuant to O.R.C. §4111.14(J).

103.    The exact total amount of minimum wage compensation that Defendants failed to pay Plaintiffs is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

## COUNT IV
### (Overtime Violations of the Ohio Wage Act)

104.    Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

105.    During relevant times, Plaintiff PINEDA was jointly employed by Defendants.

106.    During relevant times, Defendants were employers covered by the overtime requirements set forth in the Ohio Wage Act.

107.    The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the

exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

108. During relevant times, Plaintiff PINEDA was a covered employee entitled to the Ohio Wage Act's protection.

109. As an employee for Defendants, Plaintiff PINEDA worked in excess of the maximum weekly hours permitted under O.R.C. §4111.03, but was not paid overtime wages for this time spent working.

110. Defendants failed to pay Plaintiff PINEDA overtime compensation at time and a half (1.5) of her regular rate of pay for hours in a work week in excess of 40 in a workweek.

111. Defendants willfully violated Ohio law in the withholding of overtime compensation.

112. Plaintiff PINEDA has been harmed and continues to be harmed by Defendants' acts or omissions described herein.

113. The exact total amount of overtime compensation that Defendants failed to pay Plaintiff PINEDA is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

114. Pursuant to the Ohio Revised Code, Plaintiff PINEDA is entitled to attorneys' fees and costs incurred; and request all unpaid overtime compensation and other relief as allowed by Ohio law.

## COUNT V
### (Violation of the OPPA)

115. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

116. During relevant times, Plaintiffs were jointly employed by Defendants.

117. During relevant times, Defendants were entities covered by the OPPA and Plaintiffs were employed by Defendants within the meaning of the OPPA.

118. The OPPA requires that the Defendants pay Plaintiffs all wages, including minimum wages and overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

119. During relevant times, Plaintiffs were not paid wages, either a minimum wage or overtime wages at one and one-half times the applicable regular rate, within thirty (30) days of performing the work. *See* O.R.C. §4113.15(B).

120. Plaintiffs' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

121. Plaintiffs have been harmed and continue to be harmed by Defendants' acts or omissions described herein.

122. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT VI
### (Recordkeeping Violations of the Ohio Wage Act)

123. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

124. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08; *and* Ohio Rev. Code §§4111.14(G) & (H). *See also*, 29 C.F.R. §§ 516.2 *et seq*.

125.    During relevant times, Defendants were covered employers, and jointly and severally required to comply with the Ohio Wage Act's mandates.

126.    During relevant times, Plaintiffs were covered employees entitled to the protections of the Ohio Wage Act.

127.    During relevant times, Defendants jointly violated the Ohio Wage Act with respect to Plaintiffs by requiring Plaintiffs to perform compensable off-the-clock work; thereby failing to properly maintain accurate records of all hours that Plaintiffs worked each workday and within each workweek.

128.    In violating the Ohio Wage Act, Defendants jointly acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## COUNT VII
### (Violations of Ohio Revised Code § 4109.07(C))

129.    Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

130.    Ohio Revised Code § 4109.07(C) provides that no employer shall employ a minor more than five consecutive hours without allowing the minor a rest period of at least thirty minutes.

131.    During relevant times, Defendants were covered employers, and jointly and severally required to comply with O.R.C. § 4109.07(C).

132.    During relevant times, Plaintiff AMYX was a covered minor as defined by O.R.C. § 4109.01(D) and entitled to the protection of O.R.C. § 4109.07(C).

133.    During relevant times, Defendants jointly violated O.R.C. § 4109.07(C) with respect to Plaintiff AMYX by denying her a rest period of at lest 30 minutes when working more than five consecutive hours.

134.   In violating O.R.C. § 4109.07(C) Defendants jointly acted willfully and with reckless disregard of clearly applicable provisions of O.R.C. § 4109.07(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for declaratory relief and damages as follows:

(A)   A declaratory judgment that Defendants' conduct alleged herein, jointly and severally, violate the FLSA, the Ohio Wage Acts, the Ohio Constitution and O.R.C. § 4109.07(C);

(B)   An order for injunctive relief ordering Defendants to end all of the illegal conduct alleged herein pursuant to FLSA, the Ohio Wage Acts, the Ohio Constitution and O.R.C. § 4109.07(C); and requiring Defendants to follow such laws going forward;

(C)   An order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiffs per workweek;

(D)   Judgment against Defendants, jointly and severally, for damages for all unpaid minimum wage and/or overtime compensation owed to Plaintiffs during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, the Ohio Wage Acts and the Ohio Constitution;

(E)   Judgment against Defendants, jointly and severally, for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiffs during the applicable statutory period;

(F)   Judgment against Defendants, jointly and severally, for all unpaid minimum wage and/or overtime compensation and any liquidated damages allowed by Ohio law for Plaintiffs, including but not limited to liquidated damages provided O.R.C. §4111.14(J);

(G)    An order directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

(H)    Judgment for any and all civil penalties to which Plaintiffs may be entitled; and

(I)    Such other and further relief as to this Court may deem necessary, just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all questions of fact raised by the Complaint.

Dated: July 31, 2017                    Respectfully submitted,

BARKAN MEIZLISH HANDELMAN
GOODIN DEROSE WENTZ, LLP

*/s/  Robi J. Baishnab*
Robi J. Baishnab (OH Bar No. 0086195)
Robert E.  DeRose (OH Bar No. 0055214)
250 E. Broad St., 10th Floor
Columbus, OH 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: rbaishnab@barkanmeizlish.com
          bderose@barkanmeizlish.com

*Attorneys for Plaintiffs*

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all claims so triable.

*/s/ Robi J. Baishnab*
Robi J. Baishnab