# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BRENDA PINEDA,** *et al.*

    **Plaintiffs,**

v.

**THE PIT COLUMBUS, LLC,** *et al.*,

    **Defendants.**

Case No. 2:17-cv-668
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Elizabeth Preston Deavers

## ORDER OF DEFAULT JUDGMENT AGAINST DEFENDANTS
## THE PIT COLUMBUS, LLC, AND D'ANDRE MARTIN

This action is before the Court on Plaintiffs Brenda Pineda ("Plaintiff Pineda") and Kiara Amyx's ("Plaintiff Amyx") (hereinafter collectively referred to as "Plaintiffs") Motion for Default Judgment against co-Defendants The Pit Columbus, LLC ("Defendant Pit") and D'Andre Martin ("Defendant Martin") (hereinafter collectively referred to as "Defendants") (ECF No. 8). For the following reasons, Plaintiffs' Motion is **GRANTED**.

### I. PROCEDURAL HISTORY

Plaintiffs' Complaint was filed on July 31, 2017, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et seq.*, ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"), the Ohio Constitution, Oh. Const. Art. II § 34a and O.R.C. § 4109.07 (ECF No. 1). Service of both the 41114.14(G) requests and Complaint was successfully executed upon Defendants on July 14, 2017 and August 9, 2017, respectively (ECF Nos. 4 and 8-3).

The twenty-one (21) day period specified on the Summons, August 30, 2017, has expired, and Defendants have not filed an Answer to the Complaint with the Clerk of the Court or upon the Plaintiffs; nor have they otherwise defended. Plaintiffs filed a Request to Enter Default on September 6, 2017 against Defendants (ECF No. 5). The next day, the Clerk filed an Entry of Default against Defendants as provided by the Rules of Civil Procedure (ECF No. 6).[1]

## II. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's motion for default judgment under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (*citing Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, the Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D.*

---

[1] On September 21, 2017, this Court issued an Order to apply for default or show cause within 14 days (ECF No. 7).

*Miller Enter.*, No. 2:07-cv-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

### III. ANALYSIS

Defendants having defaulted, the factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). To ascertain an uncertain sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 U.S. Dist. LEXIS 116166, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 2:06-cv-487, 2007 U.S. Dist. LEXIS 3118, at *2 (S.D. Ohio Jan. 16, 2007). Here, the Court finds that an evidentiary hearing is unnecessary.

Plaintiffs assert violations of the minimum wage and overtime provisions of the FLSA and Ohio law; in addition to violations of O.R.C. § 4109.07. The FLSA requires covered employers to pay its employees a minimum wage of $7.25 per hour and overtime compensation for hours of work exceeding 40 in a workweek at a rate of one and one-half times an employee's regular rate of pay. 29 U.S.C. §§ 206(a), 207(a)(1). Ohio law incorporates the FLSA's definitions, standards, and principles for its minimum wage and overtime compensation provisions. Ohio Const. Art. II, § 34a; Ohio Rev. Code §§ 4111.02-.03. Accordingly, the claims may be analyzed together. *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007).

3

A covered employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Under Department of Labor regulations, an employee may be jointly employed by two entities [or persons], each of which is responsible for complying with the FLSA. 29 C.F.R. § 791.2; *Skills Dev. Servs., Inc. v. Donovan*, 728 F.2d 294, 301 (6th Cir. 1984). "The issue of joint employment for the FLSA 'depends upon all the facts in the particular case.'" *Keeton v. Time Warner Cable*, No. 2:09-CV-1085, 2010 WL 2076813, at *2 (S.D. Ohio May 24, 2010) (citing 29 C.F.R § 791.2(a); *and Int'l Longshoremen's Ass'n, AFL–CIO, Local Union No.1937 v. Norfolk S. Corp.*, 927 F.2d 900, 902 (6th Cir.1991) (the determination of "joint employer [status] is essentially a factual issue"). Recognizing the inclusive and expansive nature of the definition of "employer" as set forth in the FLSA, courts have accorded "joint employer status" to two or more entities or individuals, when each independently satisfies the definition of employer as articulated by the FLSA. *See* 29 U.S.C. § 791.2 (2015); *see also*, *Mitchell v. Chapman*, 343 F. 3d 811, 827 (6th Cir. 2003) (all joint employers are responsible, both individually and jointly for compliance with the terms of the FLSA including those regulating overtime); *and Pierce v. Coleman Trucking, Inc.*, 2005 WL 2338822 (N.D. Ohio, Sept. 23, 2005) (deeming two asbestos removal companies to be joint employers).

The Court of Appeals has established "four factors in determining whether two [individuals] are joint employers: the interrelation of operations between the companies, common management, centralized control of labor relations, and common ownership." *Keeton*, 2011 WL 2618926, at *3 (citing *Int'l Longshoremen's Ass'n, AFL–CIO.*, 927 F.2d at 902). Since companies, entities and individuals can be employers under the FLSA, the

4

same test can be applied to Defendants Pit and Martin. *See also Heard v. Nielson,* No. 1:16-CV-1002, 2017 WL 2426683, at *3 (S.D. Ohio June 2, 2017). Thus, Defendants, as joint employers, were and continue to be independently and jointly responsible for complying with the mandates of the FLSA, and are accordingly jointly and severally liable for any violations thereof.

Both Plaintiffs declare that they were not paid minimum wages and/or overtime earned from approximately August 2016 through approximately February 26, 2017, and make reasonable estimates of their damages (ECF Nos. 8-1 and 8-2). Accordingly, each Plaintiff has established that Defendants violated the minimum wage and overtime provisions of the FLSA and Ohio law. 29 U.S.C. §§ 206(a), 207(a)(1); Ohio Rev. Code §§ 4111..02 & 03(A), 4111.10(A); Ohio Const. Art.II, § 34a. Furthermore, Defendants jointly denied Plaintiff Amyx a rest period of at least 30 minutes when working more than five consecutive hours (ECF No. 8-2 at ¶ 17).

Although the FLSA and the Ohio law use the same standards to determine liability, the laws provide different measures of damages. Employers who violate the minimum wage and overtime compensation provisions of the FLSA are liable for back pay, plus an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). If the Court finds that the employer acted in good faith, it may choose to deny an award of liquidated damages. 29 U.S.C. § 260. Under the minimum wage provisions of the Ohio Constitution, an employer is liable for "an additional two times the amount of the back wages." Ohio Const., Art. II, § 34a. There is no good faith exception under Ohio law. Ohio law permits the recovery of unpaid overtime wages, but does not provide for liquidated damages. Ohio Rev. Code § 4111.10(A). Both the

FLSA and the Ohio Constitution allow a prevailing plaintiff to recover reasonable attorney's fees and costs. 29 U.S.C. § 216(b); Ohio Const. Art. II, § 34a. Finally, the minimum wage under the FLSA is $7.25 per hour, 29 U.S.C. §206(a)(1)(C), while Ohio law imposed a minimum wage of $8.10 per hour in 2016 and $8.15 per hour in 2017.

Plaintiffs seek damages for their minimum wage claims under Ohio law, which sets a higher minimum hourly rate and permits recovery of treble damages equal to twice the amount of unpaid wages. Ohio Const., Art. II, § 34a. There is no evidence before the Court suggesting that Defendants are entitled to the good faith defense in 29 U.S.C. § 260. Plaintiffs also asserted violations of the Ohio Prompt Pay Act, which provides:

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the agreement, award, or other act making wages payable and no contest[,] court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

Ohio Rev. Code § 4113.15(B). The same evidence establishes Defendants' joint and several liability under the Prompt Pay Act. Plaintiffs seek to recover liquidated damages in the amount of 6% of their unpaid wages.

The Court hereby adopts the reasonable estimates of both Plaintiffs, awarding damages of $5,885.87, consisting of $1,796.20 in unpaid minimum wages, $3,592.40 for treble damages, $189.08 in unpaid overtime, another $189.08 for liquidated damages, and $119.12 pursuant to OPPA; and awarding Plaintiff Amyx damages of $3,873.96, consisting of

$1,266.00 in unpaid minimum wages, $2,532.00 for treble damages, and $75.96 pursuant to OPPA. The total damages awarded is therefore $9,759.83.[2]

## IV.  ATTORNEY'S FEES AND COSTS

Plaintiffs seek to recover a total of $12,080.72 in attorney's fees and costs incurred in the prosecution of this action through September 15, 2017, which does not include fees and costs incurred for filing their Motion for Default Judgment or for executing on the default judgment. The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The Ohio Constitution and the Ohio Wage Act similarly provide that the court shall award reasonable attorney's fees and costs to a prevailing employee. Ohio Const. Art. II, § 34a; Ohio Rev. Code §4111.10(A).

With regard to attorney fees, a "[p]laintiff bears the burden of proving that the requested fees and expenses are reasonable." *Citizens Against Pollution v. Ohio Power Co.*, 484 F.Supp.2d 800, 808 (S.D. Ohio 2007) (citing *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999)). "In determining what is reasonable, the general approach is to 'first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate'" and "[t]here is a 'strong presumption that the lodestar represents the reasonable fee.'" *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557 (1992)). In determining the reasonableness of fees, the Court is cognizant that "[t]he purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing

---

[2] While Defendants are deemed jointly liable O.R.C. § 4109.07 by default, no damages have been associated with the same.

7

plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Further, "an award of attorney fees here encourages the vindication of congressionally identified policies and rights." *Id.* at 1134-35.

As of September 15, 2017, Barkan Meizlish incurred 11,540.25 in fees. (ECF No. 8-5, at ¶¶ 8 and 10). This fee request is supported by itemized billing statements. (ECF No. 8-5, Attachment 1). For Barkan Meizlish the billing records reflect that a partner expended 0.60 hours at an hourly rate of $450, lead counsel and firm associate expended a total of 33.00 hours at an hourly rate of $275, one associate expended a total of 0.60 hours at an hourly rate of $200, one paralegal expended 3.75 hours at an hourly rate of $105, law clerks expended a total 9.70 hours at an hourly rate of $115, and administrative staff expended a total 0.20 hours at an hourly rate of $80 (ECF No. 8-5, at ¶ 10). The reasonableness of the hourly rate is supported by the affidavit of Attorney John Marshall. (ECF No. 8-6). Attorney Marshall opines that hourly rates charged are within the fair and reasonable market value for services rendered in wage and hour litigation by attorneys with comparable qualifications in this market. (*Id.* at ¶ 6).

The Court has reviewed the attached billing statements and finds that there is no evidence of duplicative, unnecessary, or overly prolonged work. Additionally, the Court finds that the documentation is "of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2. (6th Cir. 1984). Accordingly, the lodestar is $11,540.25.

The lodestar amount may be adjusted upwards or downwards based on a twelve factor test. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983). Plaintiffs have not requested an upward adjustment, and the Court does not identify any circumstances warranting a downward adjustment. Accordingly, the Court finds that the requested fee award of $11,540.25 is reasonable and that Plaintiffs are entitled to such an award. Barkan Meizlish, LLP also seeks to recover $540.47 in costs and expenses, consisting of the $77.29 for legal research and skip-tracing; $62.68 for various certified mailings including both 4111.14(G) requests, service of the complaint, service of their Motion and expected costs of mailing checks; $0.50 for PACER searches; and $400 filing fee as of September 15, 2017 (ECF No. 8-5, ¶ 20). The Court finds that these costs and expenses were reasonable and necessary to the litigation of this action. *Landsberg v. Acton Enter., Inc.*, No. 2:05-cv-500, 2008 WL 2468868, at *4 (S.D. Ohio June 16, 2008). Accordingly, the Court will allow recovery of $540.47 in costs.

## V. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Default Judgment against Defendants (ECF No. 8) is **GRANTED**. Plaintiffs are entitled to a total of $9,759.83 in damages as allocated herein. Additionally, Plaintiffs are entitled to an award of $11,540.25 in attorney's fees and $540.47 in costs, totaling $12,080.72.

The total amount awarded is **$21,840.55**. Defendants Pit and Martin are jointly and severally liable for these amounts. This is a Final Order in regards to Defendant Pit and Defendant Martin, and the Clerk shall enter judgment accordingly.

The Clerk shall mail a copy of this Order and the Judgment to Defendants by certified mail as follows:

The Pit Columbus, LLC a/k/a The Pit BBQ Grille
Statutory Agent: D'Andre Martin
5173 Devontry Lane
Columbus, Ohio 43220

D'Andre Martin
5173 Dovontry Lane
Columbus, Ohio 43220

**IT IS SO ORDERED.**

__11-28-2017__
**DATE**

_____
**EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE**